UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN A. CORRION,

                Plaintiff,                            Case Number 10-12844

v.                                                  Honorable David M. Lawson

JOHN A. CORRION,

                Defendant.

_____/

## ORDER DENYING PLAINTIFF'S "NEW APPEAL," DENYING AS MOOT HIS REQUEST TO WAIVE THE FILING FEE, AND DISMISSING THE CASE

On July 15, 2010, John Aldon Corrion, a Michigan prisoner, filed a pleading styled "New Appeal, Underlying Case to USD 10-cv-10669." The new case was commenced in the name of the filer's former wife, Karen A. Corrion, and the filer himself was named as the defendant. In this new "complaint," John Corrion asks this Court to vacate the August 25, 2008 opinion and order of the Livingston County, Michigan circuit court denying his motion to set aside a default judgment entered against him and in favor of his former wife, Karen A. Corrion, on May 29, 2008. John Corrion maintains that the Livingston county circuit court "lacked party and subject matter jurisdiction" to enter that order, improperly used his *nolo contendere* plea in a criminal case in a civil proceeding, and "den[ied] defendant's [current] wife her right to related party notification to take their marital property. . . ." Compl. at 1. In seeking to invalidate the order, Corrion invokes Fed. R. Civ. P. 60(b)(4) (relieving a party in a federal court proceeding from a final judgment or order on the ground it is void) and Mich. Comp. Laws § 2.612(C)(1)(d) (doing the same for parties in state court).

Although originally, the case was assigned to Judge Avern Cohn, on August 2, 2010 it was reassigned to the undersigned pursuant to the companion-case rule contained in E.D. Mich. LR

83.11. Under 28 U.S.C. § 1915, the Court has an obligation to screen all *pro se* complaints for merit. Subsection (e)(2)(B) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). In addition, a complaint should be dismissed if it asserts "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28.

"'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Of course, such pleadings still must plead facts sufficient to show a redressable legal wrong has been committed and that the plaintiff's claim for relief is plausible on its face. Fed. R. Civ. P. 12(b); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 5770 (2007); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's papers are to be construed liberally, *Erickson*, 551 U.S. at 94, "[t]he leniency granted to *pro se* [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). *Sua sponte* dismissal is appropriate if the Court lacks subject matter

jurisdiction over the *pro se* complaint. *See Briscoe v. Jackson*, 285 F. App'x 205, 206-07 (6th Cir. 2008) (affirming dismissal of the complaint under 28 U.S.C. § 1915(e) due to the application of the *Rooker-Feldman* doctrine).

This Court does not have jurisdiction to entertain a direct challenge of a state court judgment under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). That doctrine is premised on the interpretation of 28 U.S.C. § 1257(a), a "statute . . . designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a state-court decision." *Kovacic v. Cuyahoga County Dep't of Children & Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010); *see* 28 U.S.C. § 1257(a) ("Final judgments . . . rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari. . . ."). The *Rooker-Feldman* doctrine prohibits lower federal courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In analyzing the doctrine, both the Sixth Circuit and the Supreme Court emphasized its "limited application." *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006); *see also Exxon Mobil Corp.*, 544 U.S. at 283-84. The Sixth Circuit clarified that "the pertinent inquiry after *Exxon* is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Kovacic*, 606 F.3d at 309 (quoting *McCormick v. Braverman*, 451 F.3d 382,

394-95 (6th Cir. 2006)). Thus, the focus of the inquiry is "the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick*, 451 F.3d at 394-95. *Compare with Todd v. Weltman, Weinberg, & Reis Co., LPA*, 434 F.3d 432, 436-37 (6th Cir. 2006) (holding *Rooker-Feldman* not triggered because the plaintiff did not allege that he was injured by the state-court judgment, but instead filed an independent federal claim that he was injured by the defendant's filing of a false affidavit in the state-court proceeding).

Judging from John Corrion's first pleading in this Court, the present suit is an actual appeal of the state court's determination of his motion to set aside a default judgment granted in favor of his former wife back in 2008. In his complaint, Corrion asks this Court to "vacate the void judgment of August 25, 2008, and return defendant to Status Quo as a matter of justice and fairness." Compl. at 11. Other than complaining that the Livingston county circuit court's decision was wrong, the plaintiff does not raise any independent claim or legal theory to support his requests. In other words, he is "complaining of injuries caused by state-court judgment[]." *Exxon Mobil*, 544 U.S. at 284. This Court's jurisdiction does not extend to this sort of action, which is an ill-disguised attempt to appeal the determination of the Livingston county circuit court. If the plaintiff has a remedy against that determination, it lies in the appellate courts of the state.

The Court concludes, therefore, that the *Rooker-Feldman* doctrine bars review by this Court of the Livingston county circuit court's determination of John Corrion's motion to set aside the default judgment against him. Even if that were not the case, Corrion could not prevail on that issue

here, because the doctrine of *res judicata*, or claim preclusion, would defeat his request for relief in this Court. *Haring v. Prosise*, 462 U.S. 306, 313 (1983) ("Section 28 U.S.C. § 1738 generally requires 'federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'") (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

Accordingly, it is **ORDERED** that the plaintiff's "New Appeal" of the Livingston county circuit court's August 25, 2008 opinion and order [dkt. # 1] is **DENIED.**

It is further **ORDERED** that the plaintiff's request to waive the filing fee [dkt. # 2] is **DISMISSED as moot**.

It is further **ORDERED** that the plaintiff's case against the defendant is **DISMISSED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 6, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 6, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO